UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THERESA NELSON,

      Plaintiff,

v.                                         NO. 1:17-cv-03446-TWP-TAB

MED-1 SOLUTIONS, LLC, et al.,

      Defendants.
_____/

## **STIPULATED PROTECTIVE ORDER**

Plaintiff and Defendants (collectively "the parties") having stipulated, through their respective counsel, to the entry of the following Stipulated Protective Order Regarding Confidentiality ("Protective Order"), it is ORDERED that:

1. All documents, testimony, and other materials produced or otherwise provided by Defendant VoApps, Inc. ("VoApps") in this case and labeled "Confidential" shall only be used only in this proceeding.

2. All documents, testimony, and other materials produced or otherwise provided by Defendants Med-1 and Richard Huston, produced or generated after the entry of this order and labeled "Confidential" shall only be used only in this proceeding.

3. Use of any information or documents subject to this Protective Order, including all information derived from them, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose, or in any other litigation or arbitration. This Protective Order, however, in no way restricts the disclosure or use

1

Case 1:17-cv-03446-JPH-TAB   Document 58   Filed 07/24/18   Page 2 of 7 PageID #: 296

2

of any information or documents that are known or become known through means or sources outside of this litigation.

4. VoApps may designate as "Confidential" documents, testimony, and other materials produced or otherwise provided to other Parties in this case that contain or that could lead to the disclosure of confidential business or commercial information.  If VoApps or a subpoenaed third party claims that any document or other material produced by VoApps or a third party is confidential, or that any information contained in the document or material is confidential, then VoApps or the third party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "Confidential".

5. Med-1 and Richard Huston may designate as "Confidential" documents, testimony, and other materials produced or otherwise provided to other Parties after the entry of this order in this case that contain or that could lead to the disclosure of confidential business or commercial information. If Med-1 and  Richard Huston or a subpoenaed third party claims that any document or other material produced by Med-1 and Richard Huston or a third party is confidential, or that any information contained in the document or material is confidential, then Med-1 and Richard Huston or the third party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "Confidential".

6. A party desiring to file under seal any pleading or supporting documents deemed "Confidential" shall first present to the Court a motion to file under seal that establishes good cause for the requested sealing.  Attached to the motion should be the material desired to be sealed.  The Court will review the material in camera and make a decision whether to grant or deny the motion to seal.  If the Court determines that the motion should be granted, the Court will forward the motion to the parties and identify the materials that are sealed in the record.  If the Court determines

2

1625331.1

that the motion should be denied, the Court will contact the filing party, which may then retrieve the motion and materials.

7. Within thirty days after receipt of the transcript of the deposition of any party or witness in this case, if the questioning is such that VoApps determines that the answers disclose confidential information or could lead to the disclosure of confidential information, VoApps may designate that information Confidential, and, when filed with the Court, the transcript containing this material shall be under seal and marked in the manner described in Paragraph 4.

8. Within thirty days after receipt of the transcript of the deposition of any party or witness in this case taken after entry of this protective order, if the questioning is such that Med-1 and Richard Huston determine that the answers disclose confidential information or could lead to the disclosure of confidential information, Med-1 and Richard Huston may designate that information Confidential, and, when filed with the Court, the transcript containing this material shall be under seal and marked in the manner described in Paragraph 5.

9. Confidential information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, or in any subsequent litigation, except when any portion(s) of such pleadings, motions, briefs, etc., have been filed under seal and marked in the same manner described in Paragraph 4 or 5. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

10. Use of any information and documents marked "Confidential," including all information derived from them, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

      a.      the directors, officers and employees of the parties for whom it is necessary to disclose the confidential information or documents.

      b.      Counsel for any party to the above-captioned litigation, attorneys of counsels' law firms and all employees of those firms, including, but not limited to, paralegal assistants and stenographic and clerical employees.

      c.      Any individual retained or specially employed by a party as an expert either in anticipation of litigation, preparation for trial or to testify at trial, and provided that such individual executes a statement agreeing to be bound by this Protective Order as follows: "I have been provided and have read the Stipulated Protective Order entered in this case, and I expressly agree to be bound by its terms as ordered by the Court."

      d.      Stenographic reporters who are engaged by the Court or the parties during the litigation of this action.

      e.      The authors and original recipients of the documents.

      f.      Employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation of this action.

11.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information as provided under federal law. Nothing in this Protective Order shall prejudice any party from seeking amendments to it broadening or restricting the right of access to and use of confidential information, or other modifications, subject to order by the Court.

12.    Upon request of the producing party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the other party(ies) shall either return to counsel for every other party or witness in sealed envelopes marked "Confidential" all information and documents subject to this Protective Order and any copies or destroy all such documents and copies and certify that fact to counsel for the party who produced the material; provided, however, that counsel for the parties shall be entitled to retain their own filing papers, deposition and trial transcripts, and attorney work product, provided that such counsel, and

employees of such counsel, shall not disclose such filing papers or attorney work product containing Confidential material to any person except pursuant to an order from the Court or agreement with the producing party with respect to its Confidential material.

13. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court.

14. If any party believes that any information or documents have been inappropriately designated by another party or subpoenaed party as "Confidential" the party shall, in writing, inform counsel for the party or the witness claiming the protected status. If the parties and/or the witness are unable to resolve the matter informally, the party objecting to the claim to protected status may then file an appropriate motion before the Court, and the burden of persuasion to maintain the designation shall fall on the party who produced the material subject to the contested designation.

15. The inadvertent failure to designate a document, testimony, or other information as "Confidential" prior to or at the time of disclosure shall not operate as a waiver of VoApps' right to later designate said document, testimony, or other information as "Confidential." VoApps may, by written notice to counsel of record for the receiving party, within thirty days of the discovery of the inadvertent disclosure of "Confidential" information, designate previously produced information as "Confidential" that it had inadvertently failed to designate as such. Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "Confidential" shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Protective Order, and if such information has previously been disclosed to persons not qualified pursuant to

this Protective Order, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

16. The inadvertent failure to designate a document, testimony, or other information generated after the entry of this order as "Confidential" prior to or at the time of disclosure shall not operate as a waiver of Med-1 and Richard Huston's right to later designate said document, testimony, or other information as "Confidential." Med-1 and Richard Huston may, by written notice to counsel of record for the receiving party, within thirty days of the discovery of the inadvertent disclosure of "Confidential" information, designate previously produced information as "Confidential" that it had inadvertently failed to designate as such. Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "Confidential" shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Protective Order, and if such information has previously been disclosed to persons not qualified pursuant to this Protective Order, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

17. Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court.

This order does not permit any party to file documents under seal. Any request to file documents under seal shall be made by separate motion, consistent with Local Rule 5-11.

Tim A. Baker
U.S. Magistrate Judge
July 24, 2018

6

1625331.1

Stipulated and consented to this 13th day of July, 2018 by:

| | |
|---|---|
| */s/ Nathan C. Volheim*<br>Nathan C. Volheim (No. 6302103)<br>SULAIMAN LAW GROUP LTD<br>2500 South Highland Avenue<br>Suite 200<br>Lombard, Illinois 60148<br>T: 630-568-3056<br>F: 630-575-8188<br>nvolheim@sulaimanlaw.com<br><br>*Counsel for Plaintiff* | */s/ Jenny N. Perkins*<br>Jenny N. Perkins (No. 306498)<br>BALLARD SPAHR LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>T: 215-864-8500<br>F: 2615-864-8999<br>perkinsj@ballardspahr.com<br><br>*Counsel for Defendant VoApps, Inc.*<br><br>*/s/ Daniel L. Polsby*<br>Daniel L. Polsby (No. 2885445)<br>CLAUSEN MILLER P.C.<br>10 S. LaSalle Street<br>Chicago, IL 60603-1098<br>T: 312.855.1010<br>F: 312.606.7777<br>dpolsby@clausen.com<br><br>*Counsel for Defendants Med-1 and Mr. Huston* |

APPROVED AND SO ORDERED.

Date: 7/24/2018

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana